## GRAY v. GRAY & a.

Upon a hearing on a petition for the probate of a will in common form, the appearance of counsel for the heirs, and the cross-examination by them of the witnesses to the will, will not ordinarily have the effect to waive the probate in solemn form.

APPEAL from a decree of the judge of probate, ordering the probate, in solemn form, of the will of George Gray, deceased. Facts found by a referee.

The appellant was the wife of George Gray, deceased, and, December 25, 1877, she was appointed administratrix on his estate, and

took upon herself that trust. Subsequently, at the instance of one
of the heirs, she was cited to settle her account as administratrix,
June 24, 1879. She appeared, and at that time filed a petition to
prove a lost will of the deceased in common form. This fact be-
coming known to the counsel for the heirs, he appeared and cross-
examined the witnesses, and asked and obtained a postponement
of the hearing. At the time to which the hearing was adjourned,
the counsel for the heirs appeared, and stated that he did not then
desire to contest the matter further, but wished to have the will
proved in solemn form at some other time. No notice of probate
in common form was given to the heirs.

The other facts, material, appear in the opinion.

*Atherton,* for the appellant.

*Fassett,* for the appellees.

STANLEY, J. The question is, whether the probate court was
right in decreeing probate of the will in solemn form. The appel-
lant claims that, although her petition was for probate in common
form, and was without notice to the heirs, yet from the fact that
the heirs were represented by counsel at the hearing on that peti-
tion, who examined the witnesses, the notice to the heirs requi'ed
by the statute was unnecessary, and the probate was, in legal effect,
in solemn form.

Probate of a will in solemn form is made after all persons whose
interests may be affected have been duly notified and had an op-
tunity to be heard. *Noyes v. Barber,* 4 N. H. 406; [illegible]ls
301. The statute requires notice to the executor, [illegible]e,
and by publication to all persons interested. G. L., c. [illegible]

From the report of the referee it appears that, Ju[illegible] 1879,
the appellant, having been cited to settle her account as adminis-
tratrix, appeared and presented a petition for the probate, in com-
mon form, of the will of her deceased husband. Unless the require-
ments of the statute were waived by the heirs, there was not a
probate in solemn form. On the question of waiver, the referee
finds that none of the heirs were present or had any knowledge of
any proceedings to prove the will of the deceased. They had not
employed or instructed counsel in regard to a lost will. The fact
that the hearing was postponed at the request of counsel, taken in
connection with the other fact that at the adjourned hearing the
appellant was notified that the heirs wished the will proved in
solemn form, shows that they did not intend to waive the notice
required by the statute, and the further fact that the judge of pro-
bate decreed that the will should be proved in solemn form also
shows that he did not understand that there was any waiver of a
compliance with the statute.

*Appeal dismissed.*